# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01324-RGK-GJS | Date | February 13, 2020 |
|---|---|---|---|
| Title | *Anna Neal Negrete v. Brinker International, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On December 11, 2019, Plaintiff Anna Neal Negrete ("Plaintiff") filed a Complaint against Defendants Brinker International, Inc.; Brinker International, Inc. dba Chili's Grill & Bar; Chili's Grill & Bar, an unknown business entity; and Table Top Media, LLC (collectively, "Defendants"). Plaintiff asserts eight claims: (1) violation of the Unruh Act; (2) intentional infliction of emotional distress; (3) civil extortion; (4) conspiracy to commit civil extortion; (5) aiding and abetting to commit civil extortion; (6) false imprisonment; (7) products liability negligence; and (8) products liability failure to warn.

Brinker Restaurant Corporation ("BRC") removed this action on February 10, 2020. BRC asserts that it was erroneously sued as Brinker International, Inc. BRC also contends that Chili's Grill & Bar is a fictitious business name of BRC and is not an entity capable of being separately sued. BRC also notes that Table Top Media, LLC has been served in this case. BRC appears to consent to the removal on behalf of all defendants except for Table Top Media, LLC.

The rule of unanimity states that "all the defendants must join in the application for removal." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Circuit) (citations omitted). "[F]iling a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.*

In the Notice of Removal, BRC does not allege that Table Top Media, LLC consented to the removal. Accordingly, the removal appears to be defective for lack of unanimity. But that is not the only defect with the removal.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-01324-RGK-GJS | Date | February 13, 2020 |
|---|---|---|---|
| Title | *Anna Neal Negrete v. Brinker International, Inc. et al.* | | |

remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Plaintiff's Complaint is silent as to the precise amount of damages sought. However, BRC asserts that Plaintiff's allegations demonstrate that she seeks damages in excess of $75,000. In support, BRC lists the types of damages sought by Plaintiff in the Complaint: "economic and non-economic damages, prejudgment interest, punitive and exemplary damages, and statutory [damages under the Unruh Act]." (Notice of Removal ¶ 26, ECF No. 1.) BRC also notes that Plaintiff must seek at least $25,000 in damages because that is the jurisdictional limit for unlimited civil cases in California Superior Court. (*Id.* ¶ 27.)

The Court is not satisfied that BRC has satisfied its burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. BRC's Notice of Removal merely lists the types of damages Plaintiff seeks and then states in conclusory fashion that these damages exceed $75,000. BRC makes no attempt to calculate damages, nor does it offer evidentiary support as to the existence and amount of punitive damages. The Court is unable to find a plausible allegation that the amount in controversy has been met.

The Court notes that in the Declaration of Mia Farber ("Farber"), offered in support of the Notice of Removal, Farber declares that before the Complaint was filed, Plaintiff communicated an initial demand of $2 million. (Farber Decl. ¶ 7, ECF No. 1-1.) It is unclear why this information does not appear anywhere in BRC's Notice of Removal. Farber also does not explain whether this offer was made verbally, or attach any emails or documents evidencing this demand.

The fact that Plaintiff, at one time, made a settlement demand in excess of $75,000 does not alter the result that the amount in controversy has not been established by a preponderance of the evidence. A settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," but it is not dispositive. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, BRC offers no evidence to suggest that Plaintiff's demand reasonably estimates the value of her claims. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Thus, the Court concludes that it lacks subject matter jurisdiction over this case.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01324-RGK-GJS | Date | February 13, 2020 |
|---|---|---|---|
| Title | *Anna Neal Negrete v. Brinker International, Inc. et al.* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer